■ In the Matter of CHATHAM TOWERS, INC., et al., Respondents-Appellants, and CHATHAM GREEN, INC., Intervenor-Respondent, v MICHAEL BLOOMBERG, as Mayor of the City of New York, et al., Appellants-Respondents. [795 NYS2d 577]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered October 15, 2004, which, to the extent appealed from as limited by the briefs, directed the New York City Police Department (NYPD) to complete an environmental impact

statement (EIS) in connection with its implementation of a security plan for One Police Plaza within 90 days of the court's order, and otherwise denied the petition, unanimously modified, on the law, to delete the 90-day deadline, and otherwise affirmed, without costs.

The court properly concluded that those petitioners who are legislative representatives lack standing under the State Environmental Quality Review Act (SEQRA) to challenge the implementation of the security plan, since they have not demonstrated any injury from NYPD's action (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]). Petitioners Jan F. Lee and Paul J.Q. Lee also lack standing, as the damages they allege are solely economic in nature (*Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433 [1990]; *Matter of Nature's Trees v County of Nassau*, 293 AD2d 544, 546 [2002], *lv denied* 98 NY2d 608 [2002]).

In view of the time frames contained in the SEQRA and City Environmental Quality Review regulations, which, petitioners acknowledge, contemplate that preparation of an EIS will take at least several months (*see generally* ECL 8-0109 [2], [4]; 6 NYCRR 617.8, 617.9; 62 RCNY 5-01), it was improper for the court to direct respondents to complete the EIS within 90 days. The abbreviated deadline not only is impossible to meet, but also frustrates the full environmental review ordered by the court.

We reject petitioners' claim that the security plan has effected changes in the City Map necessitating the review under the Uniform Land Use Review Procedure set forth in New York City Charter § 197-c (a) (1). Restriction of access to the secure zone to authorized vehicles or pedestrian traffic does not require modification of the City Map to reflect permanent closure (*see* 34 RCNY 4-12 [r] [4]).

We have considered petitioners' remaining claims and find them without merit. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Williams, JJ. [*See* 6 Misc 3d 814 (2004).]