■ In the Matter of Chatham Towers, Inc., et al., Appellants, et al., Intervenor-Petitioner, v Michael Bloomberg, as Mayor of the City of New York, et al., Respondents. [833 NYS2d 468]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered September 27, 2006, denying relief from an earlier order that had denied petitioners' application for permits and revocable consents from respondent New York City Department of Transportation (DOT) for the implementation and

maintenance of a security plan for One Police Plaza, unanimously affirmed, without costs.

Supreme Court's order of October 15, 2004 (6 Misc 3d 814 [2004]) was also the subject of an appeal to this Court (18 AD3d 395 [2005], *lv denied* 6 NY3d 704 [2006]). That order primarily addressed challenges to the sufficiency of the environmental assessment statement (EAS) produced by respondents, pursuant to the rules of procedure for City Environmental Quality Review and the State Environmental Quality Review Act, with regard to the security plan for the Police Department's headquarters. Supreme Court found that the EAS was inadequate and directed respondents, inter alia, to "undertake an environmental impact statement [EIS] with regards to the implementation of the One Police Plaza Security Plan and the delta barriers [installed] on Park Row," namely, a more rigorous environmental study, and to complete the EIS within 90 days of the service of the court's order (6 Misc 3d at 828).

The order summarily denied the remainder of petitioners' application without expressly addressing the individual claims, e.g., that respondents were required to obtain revocable consents from DOT for the use of public space necessary to implement and maintain the security plan. Unquestionably, evidence and arguments on this issue were submitted to the court, considered and subsequently included in the record on appeal. This Court then modified to the extent of deleting the 90-day deadline and otherwise affirmed, noting that "[w]e have considered petitioners' remaining claims and find them without merit" (18 AD3d at 396). Thus, petitioners not only had a full and fair opportunity to litigate the issue of identical revocable consents, but it was actually litigated and decided against them; further litigation of that issue here is precluded by the doctrine of collateral estoppel (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456 [1985]), and we affirm the judgment on that basis. With regard to petitioners' application for relief from the prior order, we note that the alleged newly discovered evidence is a matter of public record which, for purposes of CPLR 5015 (a) (2), "is generally not deemed new evidence which could not have been discovered with due diligence before trial" (*Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]). Concur—Sullivan, J.P., Williams, Buckley and Malone, JJ.