EASTERN SAVINGS BANK, FSB, Respondent, v GIUSEPPE L. TROMBA, Also Known as GUISEPPE TROMBA, Appellant, et al., Defendants. [48 NYS3d 499]—

In an action to foreclose a mortgage, the defendant Giuseppe L. Tromba, also known as Guiseppe Tromba, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated July 10, 2014, as denied those branches of his motion which were pursuant to CPLR 5015 (a) (2) and (3) to vacate a judgment of foreclosure and sale of the same court entered April 15, 2011, upon his failure to answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Giuseppe L. Tromba, also known as Guiseppe Tromba (hereinafter the defendant), executed a note in favor of the plaintiff, which was secured by a mortgage on residential property in Miller Place, Suffolk County. In June 2008, after the defendant defaulted on his obligations under the note, the plaintiff commenced the instant action to foreclose the mortgage. The defendant and his wife, the defendant Ellen Tromba (hereinafter together the defendants), failed to answer the complaint, and the Supreme Court granted the plaintiff's motion for leave to enter a judgment of foreclosure and sale. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015 (a) (2) and (3) to vacate the judgment of foreclosure and

sale on the ground that the plaintiff failed to serve him with a notice pursuant to RPAPL 1303 that complied with the statute. The court denied those branches of the motion, and the defendant appeals.

RPAPL 1303 requires that a notice titled "Help for Homeowners in Foreclosure" be delivered to the mortgagor along with the summons and complaint in residential foreclosure actions involving owner-occupied, one-to-four family dwellings (*Prompt Mtge. Providers of N. Am., LLC v Singh*, 132 AD3d 833, 833 [2015]; *see* RPAPL 1303 [1], [2]). The statute mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type (*see* RPAPL 1303 [2]). Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint (*see Prompt Mtge. Providers of N. Am., LLC v Singh*, 132 AD3d at 834; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 98 [2011]; *First Natl. Bank of Chicago v Silver*, 73 AD3d 162, 165-166 [2010]). A defendant mortgagor can raise the mortgagee's failure to comply with the statute at any time (*see First Natl. Bank of Chicago v Silver*, 73 AD3d at 163).

Here, in support of his motion, the defendant asserted that he had recently discovered that the RPAPL 1303 notice that was attached to the copy of the summons and complaint that was filed with the Suffolk County Clerk at the commencement of the action was not on colored paper, and did not use a type size and style that complied with the requirements of the statute. However, in opposition to the motion, the plaintiff submitted an affidavit from a paralegal supervisor in the office of its attorneys, who stated that, based on his review of the attorneys' files, the RPAPL 1303 notice that was served on the defendant was on green paper, and used a type size and style that complied with the requirements of the statute. The plaintiff's showing was sufficient to establish that the notice that was served on the defendant complied with the statute. The Supreme Court therefore correctly concluded that the defendant failed to establish that the judgment of foreclosure and sale should be vacated based on newly discovered evidence (*see* CPLR 5015 [a] [2]; *IMC Mtge. Co. v Vetere*, 142 AD3d 954, 955 [2016]; *Matter of Chatham Towers, Inc. v Bloomberg*, 39 AD3d 308, 309 [2007]; *Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326 [2004]), or based on fraud, misrepresentation, or other misconduct by the plaintiff with respect to the RPAPL 1303 notice (*see* CPLR 5015 [a] [3]).

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015 (a) (2) and (3) to vacate the judgment of foreclosure and sale. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.