■ CENTRAL MORTGAGE COMPANY, Respondent, v SARAMMA ABRAHAM, Appellant, et al., Defendants. [55 NYS3d 336]—

Appeal by the defendant Saramma Abraham from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated July 1, 2014. The order, insofar as appealed from, granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Saramma Abraham and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Saramma Abraham and for an order of reference are denied.

The defendant Saramma Abraham executed a note in favor of Fairmont Funding, LTD., New York Corporation (hereinafter Fairmont), in the principal sum of $360,000. The note was secured by a mortgage on Abraham's residential real property given to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Fairmont. On May 23, 2011, MERS assigned the mortgage to the plaintiff. The note was endorsed in blank and transferred to the plaintiff. On or about July 14, 2011, the plaintiff commenced this action to foreclose the mortgage.

Abraham moved for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's alleged failure to comply with RPAPL 1303 and 1304. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against Abraham and for an order of reference. The Supreme Court denied Abraham's motion and granted the plaintiff's cross motion. Abraham appeals from so much of the order as granted those branches of the plaintiff's cross motion which were for summary judgment on

the complaint insofar as asserted against her and for an order of reference.

In support of its cross motion, the plaintiff submitted an affidavit of its vice president, who averred that he had reviewed the business records, maintained in the regular course of business by the plaintiff, relating to Abraham's loan. Based upon his review, he averred that the RPAPL 1304 notice was "sent in accordance with New York RPAPL 1304" on January 10, 2011. This unsubstantiated and conclusory statement was insufficient to establish that the required RPAPL 1304 notice was mailed to Abraham by registered or certified mail and also by first-class mail (*see* RPAPL 1304 [2]; *JPMorgan Chase Bank, N.A. v Kutch*, 142 AD3d 536, 537 [2016]; *Cenlar, FSB v Weisz*, 136 AD3d 855, 856 [2016]; *Citimortgage, Inc. v Espinal*, 134 AD3d 876, 878-879 [2015]; *HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966, 967 [2012]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]). Further, since the plaintiff was not an assignee of the mortgage at the time the notice allegedly was served, the basis of the vice president's knowledge is unclear (*see CitiMortgage, Inc. v Pappas*, 147 AD3d 900 [2017]; *HSBC Mtge. Servs., Inc. v Royal*, 142 AD3d 952 [2016]).

Moreover, Abraham raised a triable issue of fact with respect to whether the RPAPL 1303 notice was in the proper form (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 103; *cf. Trustco Bank v Alexander*, 23 Misc 3d 1129[A], 2009 NY Slip Op 50996[U] [Sup Ct, Saratoga County 2009]).

Accordingly, the Supreme Court improperly granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against Abraham and for an order of reference. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.