Wells Fargo Bank, N.A. v Coffey (2019 NY Slip Op 08597)





Wells Fargo Bank, N.A. v Coffey


2019 NY Slip Op 08597


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04906
2017-04907
 (Index No. 28849/08)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Endora Coffey, et al., defendants, Mitchell Coffey, appellant.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt and James R. Adam of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mitchell Coffey appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated March 9, 2017. The first order denied that defendant's motion, inter alia, to vacate a judgment of foreclosure and sale entered August 12, 2015, upon his default in appearing or answering and to dismiss the complaint insofar as asserted against him. The second order granted the plaintiff's cross motion, inter alia, to discontinue the action as against the defendant Endora Coffey.
ORDERED that the appeal from the second order is dismissed, as the defendant Mitchell Coffey is not aggrieved by that order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the first order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this mortgage foreclosure action against, among others, the defendant Mitchell Coffey (hereinafter the defendant) in August 2008. According to the affidavit of service, the defendant was served with the summons and complaint as well as the required RPAPL 1303 notice by personal delivery at his residence. The defendant neither answered the complaint nor appeared in this action. The Supreme Court awarded the plaintiff a default judgment of foreclosure and sale in July 2015, and the subject property was sold in February 2016.
Following the issuance of a warrant of eviction, in August 2016, the defendant moved, inter alia, to vacate the default judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him. The Supreme Court, inter alia, denied the motion, and the defendant appeals.
The defendant contends that the RPAPL 1303 notice served upon him did not strictly comply with the statute and, therefore, the judgment of foreclosure and sale must be vacated, and the complaint insofar as asserted against him dismissed. A plaintiff's failure to comply with the notice requirements of RPAPL 1303 may be raised "at any time during an action" (First Natl. Bank of Chicago v Silver, 73 AD3d 162, 163 [emphasis added]). "A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (Signature Bank v Epstein, 95 AD3d 1199, 1200 [internal quotation marks omitted]; Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503). Here, the defendant failed to raise the issue of the plaintiff's compliance with RPAPL 1303 during the action, and instead raised the issue only after the judgment of foreclosure and sale was entered.
Contrary to the defendant's contention, a plaintiff's failure to comply with RPAPL 1303 does not constitute an independent ground for vacating a judgment of foreclosure and sale. Eastern Sav. Bank, FSB v Tromba (148 AD3d 675), relied upon by the defendant, does not support his position. In that case, the defendant's contention that the plaintiff did not comply with RPAPL 1303 was raised in the context of a motion to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a)(2) and (3) (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 675-676). Here, the defendant did not establish that the plaintiff's alleged failure to comply with RPAPL 1303 constituted "newly-discovered evidence" within the meaning of the statute (CPLR 5015[a][2]; see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089), or that the judgment of foreclosure and sale should be vacated based upon fraud, misrepresentation, or other misconduct by the plaintiff (see CPLR 5015[a][3]).
The defendant's contention that the judgment of foreclosure and sale should have been vacated pursuant to CPLR 5015(a)(4) is also without merit. Although proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, the failure to properly serve the required notice does not deprive the court of jurisdiction to preside over a mortgage foreclosure action (see Deutsche Bank Trust Co. Ams. v Shields, 116 AD3d 653, 654; Pritchard v Curtis, 101 AD3d 1502, 1504-1505).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion, inter alia, to vacate the judgment of foreclosure and sale and dismiss the complaint insofar as asserted against him.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court