Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC v Williams (2020 NY Slip Op 03561)





Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC v Williams


2020 NY Slip Op 03561


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-00531
 (Index No. 4073/11)

[*1]Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, etc., respondent, 
v
Patrick Williams, etc., appellant, et al., defendant.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas, Ruth F.-L. Post, and Alexandria A. Kaminski of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patrick Williams appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 14, 2017. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered October 11, 2016, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Patrick Williams, is in favor of the plaintiff and against that defendant. By decision and order on motion dated September 10, 2018, this Court deemed the notice of appeal from the order to be a premature notice of appeal from the order and judgment to the extent that the order and judgment brings up for review the order (see CPLR 5520[c]).
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Patrick Williams is denied, and the order entered October 11, 2016, is modified accordingly.
The plaintiff's predecessor in interest, JPMorgan Chase Bank, N.A. (hereinafter JPMorgan), commenced this action against the defendant Patrick Williams (hereinafter the defendant) and others to foreclose a mortgage on certain residential property in Nassau County. By order entered October 11, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. Thereafter, the court issued an order and judgment of foreclosure and sale, which was entered on August 14, 2017. The defendant appeals.
When the issue of standing is raised by a defendant, the plaintiff must affirmatively establish its standing by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Bank of N.Y. Mellon v Visconti, 136 AD3d 950, 950). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of standing by showing that its predecessor in interest, JPMorgan, was the holder of the note at the time of commencement as JPMorgan had annexed a copy of the note, endorsed in blank, to the complaint when the action was commenced [*2](see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530; Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 831). In opposition, the defendant failed to raise a triable issue of fact as to standing (see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530).
However, the plaintiff failed to establish its entitlement to judgment as a matter of law with respect to compliance with the notice requirement of RPAPL 1304. Proper service of RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of the foreclosure action, and failure of a plaintiff to make this showing requires denial of its motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911). The lender must submit proof of mailing (such as an affidavit of service or domestic return receipts with attendant signatures) or an affidavit either from the individual who performed the actual mailing or an individual with personal knowledge of the lender's standard office mailing procedure (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513; Citibank, N.A. v Wood, 150 AD3d 813, 814). Here, the unsubstantiated and conclusory statement of the plaintiff's attorney in an affidavit submitted in support of the motion that RPAPL 1304 notice was properly mailed to the defendant is insufficient to establish compliance with the statute as a matter of law (see Central Mtge. Co. v Abraham, 150 AD3d 961, 962; Citibank, N.A. v Wood, 150 AD3d at 814).
The defendant's remaining contentions are without merit.
In light of the plaintiff's failure to proffer sufficient evidence to eliminate all material issues of fact from the case, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ Med Ctr, 64 NY2d 851, 853).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court