CitiMortgage, Inc. v Goldberg (2021 NY Slip Op 04697)





CitiMortgage, Inc. v Goldberg


2021 NY Slip Op 04697


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-12786 ON MOTION
2017-01316
 (Index No. 10034/13)

[*1]CitiMortgage, Inc., respondent,
v
Oded Goldberg, appellant, et al., defendants. DECISION & ORDER Motion by the appellant for leave to reargue appeals from two orders of the Supreme Court, Nassau County, entered October 4, 2016, and December 1, 2016, respectively, which were determined by decision and order of this Court dated January 29, 2020. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion for leave to reargue is granted, and, upon reargument, the decision and order of this Court dated January 29, 2020 (CitiMortgage, Inc. v Goldberg, 179 AD3d 1006), is recalled and vacated, and the following decision and order is substituted therefor:

Harvey Sorid, Uniondale, NY (Melissa Montenes and Milena Hanukov of counsel), for appellant.
Locke Lord LLP, New York, NY (William D. Foley, Jr., and Joseph N. Froehlich of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Oded Goldberg appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 4, 2016, and (2) an order of the same court entered December 1, 2016. The order entered October 4, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Oded Goldberg, to strike that defendant's answer, and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. The order entered December 1, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Oded Goldberg, to strike that defendant's answer, and for an order of reference, denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered October 4, 2016, is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the order entered December 1, 2016; and it is further,
ORDERED that the order entered December 1, 2016, is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Oded Goldberg, to strike that defendant's answer, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the order entered December 1, 2016, is affirmed insofar as appealed from, without costs or disbursements, and the order entered October 4, 2016, is modified accordingly.
On November 30, 2000, the defendant Oded Goldberg (hereinafter the defendant) executed a note (hereinafter the first note) in the sum of $1,500,000 in favor of American Home Mortgage (hereinafter AHM). The note was secured by a mortgage (hereinafter the first mortgage) on residential property in Great Neck. By assignment of mortgage dated February 2, 2001, AHM assigned the first mortgage to Aurora Loan Services, Inc. (hereinafter Aurora). By assignment of mortgage dated May 2, 2001, Aurora assigned the first mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS). Thereafter, MERS assigned the first mortgage to Lehman Brothers Bank, FSB (hereinafter Lehman).
On August 20, 2002, the defendant executed a note (hereinafter the second note) in the sum of $15,450.50 in favor of Lehman, which was secured by a mortgage on the premises (hereinafter the second mortgage). On that same day, the defendant and Lehman entered into a consolidation, extension, and modification agreement (hereinafter the CEMA), pursuant to which the first and second notes and mortgages were consolidated into a single lien in the sum of $1,500,000. The defendant executed a consolidated note and a consolidated mortgage, both dated August 20, 2002. By assignment of mortgage dated September 20, 2012, Lehman assigned the consolidated mortgage to the plaintiff.
On August 15, 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the consolidated mortgage. The defendant interposed an answer in which he asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1303 and 1304 and section 22 of the consolidated mortgage, and that the plaintiff lacked standing.
In March 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In an order entered October 4, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In an order entered December 1, 2016, the court granted the plaintiff's motion, denied the defendant's cross motion, and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals.
The plaintiff established, prima facie, that it complied with section 22 of the consolidated mortgage, which required it to send the defendant a notice of default, by submitting an affidavit of Natasha Stringer, a business operations analyst with the plaintiff, in which Stringer described the plaintiff's "uniform procedure" with respect to mailing notices to borrowers prior to foreclosure. She averred that the plaintiff sent the defendant a default notice dated January 3, 2011, and submitted copies of admissible business records evincing the mailing of the notice (see Pennymac Holdings, LLC v Lane, 171 AD3d 774, 775; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827; see also Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206; Citimortgage, Inc. v Espinal, 134 AD3d 876, 878).
Contrary to the defendant's contention, the plaintiff did not improperly submit a second Stringer affidavit for the first time in reply. Although a party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply (see Citimortgage, Inc. v Espinal, 134 AD3d at 879), Stringer's second affidavit was properly considered, since it was submitted in response to the defendant's denial of receipt of a notice of default and clarified that the notice of default was properly sent in accordance with the terms of the mortgage (see JPMorgan Chase Bank, N.A. v Corrado, 162 AD3d 994, 996; OneWest Bank, FSB v Simpson, 148 AD3d 920, 922-923). In opposition to the plaintiff's prima facie showing, the defendant failed [*2]to raise a triable issue of fact. The defendant's contentions relating to the content of the notice of default are without merit.
The plaintiff also established, prima facie, that it complied with the 90-day notice requirement of RPAPL 1304. That statute requires that the specified notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). Here, the plaintiff submitted Stringer's initial affidavit, in which she averred that 90-day notices were sent to the defendant by both regular and certified mail. Annexed to Stringer's affidavit were copies of the 90-day notices and admissible business records evincing the mailings (see Citimortgage, Inc. v Wallach, 163 AD3d 520, 521; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 827; Citimortgage, Inc. v Espinal, 134 AD3d at 878). In opposition, the defendant failed to raise a triable issue of fact.
Further, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1303 by submitting an affidavit of service in which the process server attested that he served the defendant with the summons, complaint, and notice of pendency, along with "1303 NOTICE-Help for Homeowners in Foreclosure" in bold, 14-point type and printed on colored paper, and the title to the notice printed in 20-point type, in compliance with RPAPL 1303 (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact (see Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 968).
However, the plaintiff failed to establish, prima facie, its standing to commence this action. In her initial affidavit, Stringer stated that the plaintiff was the holder of the first note, the second note, and the CEMA, to which was attached the consolidated note, at the time this action was commenced and "since at least December 2012," but the copy of the consolidated note submitted by the plaintiff contained no endorsement or allonge. Consequently, the plaintiff's submissions were insufficient to establish, prima facie, that it had standing (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 737; McCormack v Maloney, 160 AD3d 1098, 1099-1100; HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 984-985). Moreover, standing was not established based on the assignment of mortgage to the plaintiff by Lehman on September 20, 2012, since the assignment did not purport to also assign the consolidated note. Since the plaintiff failed to demonstrate, prima facie, that it had standing to commence this action, we need not consider the defendant's opposition papers with respect to that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. However, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, since he failed to establish, prima facie, that the plaintiff lacked standing (see BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924).
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court