OneWest Bank, FSB v Cook (2022 NY Slip Op 02810)

OneWest Bank, FSB v Cook

2022 NY Slip Op 02810

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-02532
 (Index No. 15641/13)

[*1]OneWest Bank, FSB, respondent, 
v
Donald J. Cook, etc., appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Jospeh F. Battista and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Donald J. Cook appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 27, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment striking that defendant's affirmative defense alleging failure to comply with RPAPL 1303.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Donald J. Cook (hereinafter the defendant), among others, to foreclose a consolidated mortgage on real property located in Deer Park. The defendant filed an answer in which he asserted nine affirmative defenses, including that the plaintiff failed to comply with RPAPL 1303. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer with affirmative defenses, which included the affirmative defense that the plaintiff failed to comply with RPAPL 1303, and for an order of reference. The defendant opposed the motion.
By order dated December 27, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant on the ground that the plaintiff failed to establish, prima facie, its compliance with RPAPL 1304. However, the court granted that branch of the plaintiff's motion which was for summary judgment striking eight of the defendant's nine affirmative defenses, including the affirmative defense alleging that the plaintiff failed to comply with RPAPL 1303. The defendant appeals, arguing only that the court should not have struck his affirmative defense alleging the plaintiff's failure to comply with RPAPL 1303.
RPAPL 1303 requires that a notice titled "Help for Homeowners in Foreclosure," with specified type size and colored paper, be delivered to the homeowner together with the summons and complaint (see RPAPL 1303[1], [2]; US Bank N.A. v Bamba, 189 AD3d 1116, 1116; Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676). Proper service of an RPAPL 1303 notice is a condition precedent to commencing a foreclosure action, and the "foreclosing party has the burden of showing compliance therewith" (First Natl. Bank of Chicago v Silver, 73 AD3d 162, 167; [*2]see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664; Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676).
Here, contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1303 by submitting an affidavit of service in which the process server attested that he served the defendant with the summons and complaint, along with a "1303 NOTICE - Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper, and the title to the notice printed in twenty-point type in compliance with RPAPL Sect 1303," as well as a copy of the subject notice (see CitiMortgage, Inc. v Goldberg, 197 AD3d 616, 619; Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676). In opposition, the evidence submitted by the defendant to dispute the font sizes utilized in the RPAPL 1303 notice, which included his attorney's affirmation and a single-sentence, bare assertion in his own affidavit, was insufficient to raise a triable issue of fact, as it was speculative and conclusory (cf. Bank of New York Mellon v Carbone, 190 AD3d 803; Bank of Am., N.A. v Lauro, 186 AD3d 659; Central Mtge. Co. v Abraham, 150 AD3d 961, 962).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment striking the defendant's affirmative defense alleging failure to comply with RPAPL 1303.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court