Bank of Am., N.A. v Keefer (2022 NY Slip Op 02776)

Bank of Am., N.A. v Keefer

2022 NY Slip Op 02776

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-02550
 (Index No. 18821/13)

[*1]Bank of America, N.A., respondent, 
v
James E. Keefer, Jr., appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest R. Ranalli of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Jason R. Lipkin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant James E. Keefer, Jr., appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated December 7, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing that defendant's second affirmative defense.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment dismissing the second affirmative defense of the defendant James E. Keefer, Jr., is denied.
In July 2013, the plaintiff commenced this action against, among others, the defendant James E. Keefer, Jr. (hereinafter the defendant), to foreclose a mortgage on real property located in West Babylon. The defendant interposed an answer in which he asserted various affirmative defenses. As relevant here, the second, third, and fourth affirmative defenses alleged that the plaintiff failed to provide notice in compliance with, respectively, RPAPL 1303, 1304, and 1306.
In July 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing his affirmative defenses. In an order dated December 7, 2018, the Supreme Court denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing his third and fourth affirmative defenses. The court granted, inter alia, that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's second affirmative defense, which alleged failure to comply with RPAPL 1303. The defendant appeals.
"RPAPL 1303 requires that a notice titled 'Help for Homeowners in Foreclosure' be delivered to the mortgagor along with the summons and complaint in residential foreclosure actions involving owner-occupied, one- to four-family dwellings" (US Bank N.A. v Nelson, 169 AD3d 110, 118, affd 36 NY3d 998; see RPAPL 1303[1], [2]; Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1006). "The statute mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type" (Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676; see RPAPL 1303[2]; Flagstar Bank, FSB v Hart, 184 AD3d 626, 628).
Here, the plaintiff failed to establish, prima facie, that it provided notice in compliance with RPAPL 1303. The plaintiff's submissions did not demonstrate that the notice served upon the defendant complied with the type-size requirements in RPAPL 1303 (see Capital One, N.A. v Liman, 193 AD3d 808, 810; Countrywide Home Loans, Inc. v Taylor, 17 Misc 3d 595, 599 [Sup Ct, Suffolk County]; cf. CitiMortgage, Inc. v Goldberg, 197 AD3d 616, 619; Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the defendant's second affirmative defense, which alleged a failure to comply with RPAPL 1303, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Contrary to the defendant's contention, the court did not grant that branch of the plaintiff's motion which was for summary judgment dismissing his fourth affirmative defense, which alleged a failure to comply with RPAPL 1306.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court