21st Mtge. Corp. v Nodumehlezi (2022 NY Slip Op 07212)

21st Mtge. Corp. v Nodumehlezi

2022 NY Slip Op 07212

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-03349
2021-03824
 (Index No. 510571/14)

[*1]21st Mortgage Corporation, respondent, 
v
Kwaku Nodumehlezi, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Leopold & Associates, PLLC, Armonk, NY (Patricia M. Lattanzio of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kwaku Nodumehlezi appeals from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated February 25, 2020, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated May 12, 2021. The order, upon a decision of the same court dated October 21, 2019, made after a nonjury trial, appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the facts, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the complaint is dismissed insofar as asserted against the defendant Kwaku Nodumehlezi; and it is further,
ORDERED that one bill of costs is awarded to the defendant Kwaku Nodumehlezi.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In October 2006, the defendant Kwaku Nodumehlezi executed a note in the amount of $417,000 in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage on certain real property located in Brooklyn.
In November 2014, the plaintiff commenced this action against Nodumehlezi, among others, to foreclose the mortgage. In his amended answer, Nodumehlezi alleged that the plaintiff [*2]failed to comply with RPAPL 1303 and 1304, and failed to comply with the notice-of-default provision in the mortgage agreement. In July 2019, the Supreme Court conducted a nonjury trial.
At trial, the plaintiff presented the testimony of Katlyn McConnell, a legal coordinator for the plaintiff. McConnell described the plaintiff's standard office procedures regarding the mailing of 30-day notices of default in accordance with the terms of the mortgage agreement and 90-day pre-foreclosure notices pursuant to RPAPL 1304. McConnell, however, gave no testimony with respect to the plaintiff's compliance with the notice requirement of RPAPL 1303.
At the close of the plaintiff's evidence, Nodumehlezi moved for judgment as a matter of law dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to establish, prima facie, that it had complied with RPAPL 1303 by delivering to him, along with the summons and complaint, the statutorily required notice on colored paper. In opposition, the plaintiff's attorney admitted that he did not ask McConnell, his sole witness, what color paper the RPAPL 1303 notice was printed on, and argued that "[t]he color of the paper is not a basis to dismiss an entire action." The Supreme Court reserved decision.
Nodumehlezi then testified on his own behalf. He testified, in relevant part, that he did not recall being served with any of the notices required by RPAPL 1303 or 1304 or the mortgage agreement.
Together with its posttrial memorandum of law, the plaintiff submitted, for the first time, an affidavit of service from process server Anthony McCreath. McCreath stated in his affidavit that he served Nodumehlezi with the summons and complaint on November 22, 2014, along with an RPAPL 1303 notice printed on blue paper, by posting the papers to the door of the address of the subject property.
In a decision dated October 21, 2019, the Supreme Court found in favor of the plaintiff, determining, inter alia, that the plaintiff established its compliance with RPAPL 1303. Although the court declined to consider McCreath's affidavit, "as it is improper to put new evidence before the court as an exhibit to a post-trial memorandum of law," the court found that the plaintiff complied with RPAPL 1303 based on "the affidavit of service of the papers commencing this action . . . together with the copy of the notice with the e-filed pleadings and related documents filed." The court also determined that the plaintiff complied with RPAPL 1304 and the notice-of-default provision in the mortgage agreement.
The Supreme Court issued an order of reference on February 25, 2020. In an order and judgment of foreclosure and sale dated May 12, 2021, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. Nodumehlezi appeals.
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses" (Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855; see Citimortgage, Inc. v Leitman, 201 AD3d 864, 865).
The Supreme Court's finding that the plaintiff complied with RPAPL 1303 was not warranted by the facts. RPAPL 1303 requires that a notice titled "Help for Homeowners in Foreclosure" be delivered to the mortgagor along with the summons and complaint in residential foreclosure actions involving owner-occupied, one- to four-family dwellings (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676; see also Bank of Am., N.A. v Keefer, 204 AD3d 970, 971-972). "The statute mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type" (Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676; see RPAPL 1303[2]; Bank of Am., N.A. v Keefer, 204 AD3d at 971-972). "Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of [*3]the complaint" (Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676). The foreclosing party bears the burden of establishing compliance with RPAPL 1303 (see OneWest Bank, FSB v Cook, 204 AD3d 1025, 1026).
Here, it is undisputed that the plaintiff did not offer any evidence at trial establishing that it complied with the specific requirements of RPAPL 1303, or that it delivered such notice to Nodumehlezi at all. Contrary to the plaintiff's contention, the Supreme Court's reliance, in a posttrial decision, on documents that had been previously e-filed to establish the plaintiff's compliance with RPAPL 1303 was improper, since Nodumehlezi had no opportunity to rebut the previously filed affidavit of service and the related documents (see Lull v Van Tassell, 171 AD3d 1155, 1157; cf. Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 127; Meenan Oil Co. v Long Is. Light Co., 39 AD2d 233, 239).
The plaintiff's contention that Nodumehlezi waived the defense of noncompliance with RPAPL 1303 is without merit.
Since the plaintiff failed to sustain its burden of establishing compliance with RPAPL 1303 at trial, the order and judgment of foreclosure and sale must be reversed, and the complaint dismissed insofar as asserted against Nodumehlezi (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676).
In light of our determination, we need not address the parties' remaining contentions.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court