Deutsche Bank Natl. Trust Co. v Spanos (2025 NY Slip Op 04548)

Deutsche Bank Natl. Trust Co. v Spanos

2025 NY Slip Op 04548

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-08244
 (Index No. 609895/20)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Demtres Spanos, etc., et al., defendants, Isadora Sidroula Spanos, etc., appellant.

Ronald D. Weiss, P.C., Melville, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Isadora Sidroula Spanos appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered August 22, 2022. The order denied that defendant's motion to dismiss the complaint insofar as asserted against her and to cancel and discharge of record the subject mortgage.
ORDERED that the order is affirmed, with costs.
On September 23, 2004, the defendant Demetres Spanos, named herein as Demtres Spanos (hereinafter Demetres), executed a note in the amount of $1,140,000 in favor of Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Syosset. The mortgage agreement was signed by Demetres and the defendant Isadora Sidroula Spanos (hereinafter Isadora, and together with Demetres, the defendants).
On March 26, 2010, the plaintiff, WaMu's successor in interest, commenced an action to foreclose the mortgage against the defendants, among others (hereinafter the first action). In an order dated October 31, 2016, the Supreme Court, inter alia, denied Isadora's cross-motion, joined by Demetres, for summary judgment dismissing the complaint insofar as asserted against them. In a decision and order dated February 26, 2020, this Court, among other things, reversed that order and granted the cross-motion (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997, 997-998). This Court determined that the plaintiff failed to comply with RPAPL 1306 (see id. at 999-1000).
On September 16, 2020, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others (hereinafter the second action). A process server stated in an affidavit that he personally served Isadora with the summons and complaint on September 23, 2020. The process server also stated that he simultaneously delivered to Isadora "a copy of the Homeowner's Foreclosure Notice as required by RPAPL § 1303, which notice was printed on a colored piece of paper, which color differed from that of the color of the NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO ELECTRONIC FILING, SUMMONS & COMPLAINT and the notice was in bold, fourteen-point type, with the title of the notice in bold, twenty-point type."
On October 27, 2020, Isadora made a pre-answer motion to dismiss the complaint insofar as asserted against her and to cancel and discharge of record the mortgage. She argued that the plaintiff failed to comply with RPAPL 1303 and that the second action was time-barred because the plaintiff was not entitled to take advantage of the six-month savings provision in CPLR 205(a). Isadora submitted her own affidavit in support, in which she stated that "[w]hen looking at the [papers the process server handed to her] I did not see a colored piece of paper other than plain white paper in the entire document." She also submitted an affidavit of Ralph Miles, who stated, in relevant part: "At around 12:30 PM on September 23, 2020, I was inside the Subject Property watching television when [Isadora] walked into her home and called me to say that she was handed papers from a man outside on her driveway. . . . I also perused the massive document and did not see any colored piece of paper other than plain white paper."
In an order entered August 22, 2022, the Supreme Court denied Isadora's motion. Isadora appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see id. § 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, the mortgage debt was accelerated, and the statute of limitations began to run, when the plaintiff commenced the first action on March 26, 2010 (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Thus, the statute of limitations expired on March 26, 2016. The second action was commenced on September 16, 2020, more than four years after the statute of limitations expired.
However, under CPLR 205(a), where an action is timely commenced and is terminated for any reason other than those specified in the statute, "the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination" (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 78). Additionally, the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), created a new statute, CPLR 205-a, which is specific to real property actions. FAPA "replaced the savings provision of CPLR 205(a) with CPLR 205-a" in foreclosure actions (Pryce v U.S. Bank, N.A., 226 AD3d 711, 713). "[U]nder both CPLR 205(a) and CPLR 205-a, where an action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period" (Sperry Assoc. Fed. Credit Union v John, 218 AD3d 707, 710). "For the purposes of CPLR 205-a, as for the purposes of CPLR 205(a), 'termination' of the prior action occurs when appeals as of right are exhausted" (U.S. Bank N.A. v Coleman, 215 AD3d 780, 782).
Here, the first action was terminated by the decision and order of this Court dated February 26, 2020 (see Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d at 997-998). The plaintiff commenced the second action on September 16, 2020, approximately three weeks after the expiration of the six-month period, and Isadora was personally served on September 23, 2020. However, the plaintiff correctly notes that the governor's executive orders regarding the COVID-19 pandemic tolled such deadlines (see Brash v Richards, 195 AD3d 582, 582-585). Thus, the recommencement was timely.
Isadora nevertheless contends that CPLR 205(a) and 205-a do not apply in this case because the prior action was dismissed on the merits. However, a "[d]ismissal of a complaint for the failure to satisfy a condition precedent to suit is not a 'final judgment upon the merits' for the purposes of CPLR 205(a)" (Sabbatini v Galati, 43 AD3d 1136, 1139; see Johnson v Cascade [*2]Funding Mtge. Trust 2017-1, 220 AD3d 929, 931-932; CitiMortgage, Inc. v Moran, 188 AD3d 407, 408). Thus, the dismissal of the first action for failure to comply with RPAPL 1306 was not a dismissal on the merits within the meaning of either CPLR 205(a) or 205-a, and the plaintiff was entitled to recommence. Accordingly, the Supreme Court properly denied dismissal of the complaint insofar as asserted Isadora as time-barred and properly denied that branch of Isadora's motion which was to cancel and discharge of record the mortgage.
Isadora's contention that the plaintiff failed to comply with RPAPL 1303 when commencing the second action is also without merit. RPAPL 1303 requires that a notice titled "Help for Homeowners in Foreclosure" be delivered to the mortgagor along with the summons and complaint in residential foreclosure actions involving owner-occupied, one- to four-family dwellings (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676; see also Bank of Am., N.A. v Keefer, 204 AD3d 970, 971-972). "The statute mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type" (Eastern Sav. Bank, FSB v Tromba, 148 AD3d at 676; see RPAPL 1303[2]; Bank of Am., N.A. v Keefer, 204 AD3d at 971-972). The foreclosing party bears the burden of establishing compliance with RPAPL 1303 (see OneWest Bank, FSB v Cook, 204 AD3d 1025, 1026).
Here, the plaintiff established that it complied with RPAPL 1303 through the affidavit of the process server (see LNV Corporation v Sofer, 171 AD3d 1033, 1036). Isadora's bare and unsubstantiated denial of receipt of the RPAPL 1303 notice was insufficient to rebut the presumption of service created by the process server's affidavit (see id.). Miles's affidavit also was insufficient to rebut the presumption, as Miles stated that he did not witness the process server hand the documents to Isadora. Accordingly, the Supreme Court properly denied dismissal of the complaint insofar as asserted against Isadora for failure to comply with RPAPL 1303.
The parties' remaining contentions need not be reached in light of the foregoing.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court