■ In the Matter of ARLENE SMITH, Respondent, v RICHARD RAVITCH et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants to reinstate the petitioner to the position of railroad clerk, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Kings County (Hurowitz, J.), entered February 15, 1985, as granted the petition to the extent of ordering the reinstatement of the petitioner and the restoration of all rights and benefits concomitant therewith.

Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for a trial in accordance herewith.

The petitioner commenced the instant proceeding to compel her reinstatement to the position of railroad clerk, alleging that her resignation from the appellants' employ was involuntary and procured by duress. The appellants denied this allegation in their answer, and submitted an affidavit of an employee who was present when the petitioner resigned and who denied that the petitioner was subjected to any coercive tactics or statements. Based upon these papers, Special Term ordered the petitioner's reinstatement. We now reverse the judgment insofar as appealed from.

CPLR 7804 (h) expressly provides that a trial must be conducted "forthwith" to resolve any triable issue of fact which is raised in a CPLR article 78 proceeding. The conflicting affidavits submitted by the parties clearly create a sharp factual dispute concerning the voluntariness of the petitioner's resignation. Hence, a trial is necessary to resolve the issue of whether said resignation was made under duress (see, CPLR 7804 [h]; *Matter of Cacchioli v Hoberman,* 31 NY2d 287; *Matter of Kinney v Miller,* 37 AD2d 684; *see generally, Matter of Lacey v Coughlin,* 97 AD2d 824). Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.