■ In the Matter of MARC R. JURNOVE et al., Appellants, v JAMES LAWRENCE et al., Respondents. [832 NYS2d 655]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondents to comply with Agriculture and Markets Law § 371, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Dunne, J.), dated

October 7, 2005, as granted the respondents' motion to dismiss the petition pursuant to CPLR 3211 (a) (7), and dismissed the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the motion to dismiss the petition pursuant to CPLR 3211 (a) (7) is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

A proceeding pursuant to CPLR article 78 in the nature of mandamus is an appropriate vehicle by which "to compel acts that officials are duty-bound to perform, regardless of whether they may exercise their discretion in doing so" (*see Klostermann v Cuomo*, 61 NY2d 525, 540 [1984]). "A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment" (*People ex rel. Francis v Common Council of City of Troy*, 78 NY 33, 39 [1879]). Thus, while the courts will not interfere with the exercise by law enforcement officials of their broad discretion to allocate resources and devise enforcement strategies, mandamus will lie if they have abdicated their responsibilities by failing to discharge them, whatever their motive may be (*see Matter of Boung Jae Jang v Brown*, 161 AD2d 49 [1990]). Here, the respondents are under a duty to enforce article 26 of the Agriculture and Markets Law (*see* Agriculture and Markets Law § 371). Hence, the petitioners have stated a cause of action sounding in mandamus to compel, and the Supreme Court thus erred in granting the respondents' motion to dismiss the petition pursuant to CPLR 3211 (a) (7).

Moreover, based upon the respondents' initial assertion that they had a broad policy of referring all article 26 violations to the Nassau County Society for the Prevention of Cruelty to Animals, their later denial of the existence of any such policy, and their failure to address the petitioners' allegations of specific instances in which Nassau County police officers refused to accept the petitioners' complaints, a question of fact is presented as to whether the respondents have abdicated their statutorily-imposed duty. The Supreme Court erred, therefore, in denying the petition and dismissing the proceeding without a hearing, and we remit the matter to the Supreme Court, Nassau County, for an evidentiary hearing in connection with this issue (*see* CPLR 409, 410, 7804 [h]; *Matter of Smith v Ravitch*, 121 AD2d 639, 640 [1986]), and for a new determination of the petition thereafter. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.