Deutsche Bank Natl. Trust Co. v Kenny (2020 NY Slip Op 03000)





Deutsche Bank Natl. Trust Co. v Kenny


2020 NY Slip Op 03000


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-10570
 (Index No. 130801/10)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Anthony Kenny, respondent, et al., defendants.


Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Riyaz G. Bhimani of counsel), for appellant.
Richard A. Rosenzweig, Esq., P.C., Staten Island, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated April 25, 2018. The order, insofar as appealed from, denied the plaintiff's motion for leave to reargue its motion for summary judgment, and upon a decision of the same court (Peter G. Geis, Ct. Atty. Ref.) dated June 16, 2017, made after a hearing to determine the issue of the plaintiff's standing, finding that the plaintiff failed to prove its standing to commence the action, directed dismissal of the action.
ORDERED that the appeal from so much of the order as denied the plaintiff's motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the notice of appeal from so much of the order as directed dismissal of the action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Anthony Kenny.
The instant mortgage foreclosure action was commenced in May 2010. In 2014, the plaintiff moved, inter alia, for summary judgment on the complaint, and, upon the stipulation of the parties dated May 26, 2016, the matter was referred to a Special Referee to hear and determine the issue of standing.
At the hearing on the issue of standing (see CPLR 3212[c]; HSBC Bank USA, N.A. v Corazzini, 148 AD3d 1314, 1315), the plaintiff contended it had standing because it possessed the original note at the time the action was commenced. In support of that contention, the plaintiff called as a witness a contested default case manager (hereinafter the case manager) for Select Portfolio [*2]Servicing, Inc. (hereinafter SPS), current servicer of the loan. The case manager testified that "SPS's business records includes [sic] documents that it creates and also documents it obtains from prior [loan] servicers," which are integrated into SPS's records. The case manager further testified that the relevant business records were screen shots from a prior loan servicer, Bank of America, and that the screen shots showed that the plaintiff had possession of the original note since 2004. However, the screen shots were dated June 30, 2016, whereas this action was commenced some six years earlier. The case manager also acknowledged that the screen shots were from Bank of America's "system" and had been requested to establish the plaintiff's standing in this action. When asked whether she verified the data input into the system by the previous loan servicers, the case manager acknowledged that she accepted those records at face value. The Special Referee declined to admit the screen shots into evidence on the ground that SPS relied on them solely for litigation.
The Special Referee issued a decision which stated that the "plaintiff has failed to prove its standing to commence this action," noting that the screen shots produced were "clearly created by SPS for litigation." Thereafter, the plaintiff moved for leave to reargue its motion for summary judgment, "which ostensibly was denied by the determination of [the] Special Referee." The Supreme Court, in the order appealed from, denied reargument, and directed dismissal of the action.
In Bank of N.Y. Mellon v Gordon (171 AD3d 197, 209), this Court ruled that business records received from another entity "may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon the recipient in its own business." In this case, the plaintiff did not meet that burden.
The testimony of the plaintiff's witness indicated that SPS asked for business records from Bank of America in order to provide evidence of the plaintiff's standing in this action. The records in question were forwarded to SPS in June 2016, after the issue of standing was referred to the Special Referee to hear and determine, and therefore, were created in preparation for litigation. Accordingly, those records were not admissible as business records (see Wilson v Bodian, 130 AD2d 221).
Since the plaintiff, after a hearing, failed to establish standing to commence the instant action, we agree with the Supreme Court's determination to direct dismissal of the action (see McCormack v Maloney, 160 AD3d 1098).
DILLON, J.P., AUSTIN, HINDS-RADIX, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court