Matter of Mele v Motor Veh. Acc. Indem. Corp. (2020 NY Slip Op 04948)





Matter of Mele v Motor Veh. Acc. Indem. Corp.


2020 NY Slip Op 04948


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-04098
 (Index No. 504027/16)

[*1]In the Matter of John Mele, appellant, 
v
Motor Vehicle Accident Indemnification Corporation, respondent.


William Pager, Brooklyn, NY, for appellant.
Jaime E. Gangemi (Kornfield, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218(c), the petitioner appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated February 13, 2019. The order denied the petition for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation and directed dismissal of the proceeding.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing on the issue of whether the petitioner is a resident of New York and a new determination of the petition thereafter.
The petitioner sought leave pursuant to Insurance Law § 5218 to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) in connection with an alleged hit and run accident in Brooklyn. MVAIC contended that the petitioner failed to establish that he was a "qualified person" pursuant to article 52 of the Insurance Law because he failed to submit any objective proof that he was a New York State resident at the time of the alleged accident. The Supreme Court denied the petition and directed dismissal of the proceeding.
A petitioner seeking leave of court to commence an action against MVAIC has the initial burden of demonstrating that he or she is a "[q]ualified person" within the meaning of Insurance Law § 5202 and making an evidentiary showing that he or she has satisfied certain other statutory requirements (see Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347, 1349). In a special proceeding, to the extent that no triable issues of fact are raised, the court is empowered to make a summary determination (see CPLR 409[b]). However, if triable issues of fact are raised, an evidentiary hearing must be held (see CPLR 410; Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d 894, 894-895).
Here, there are triable issues of fact as to whether the petitioner is a resident of New York, and, therefore, whether he is a "[q]ualified person" pursuant to article 52 of the Insurance Law (Insurance Law § 5202[b]). Thus, the Supreme Court should not have summarily denied the petition and directed dismissal of the proceeding (see CPLR 409, 410; Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d at 895). Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for an evidentiary hearing on the issue of whether the petitioner is [*2]a resident of New York and a new determination of the petition thereafter (see Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d at 895).
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court