Bayview Loan Servicing, LLC v Chaudhury (2020 NY Slip Op 07020)





Bayview Loan Servicing, LLC v Chaudhury


2020 NY Slip Op 07020


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2018-04670
 (Index No. 24521/09)

[*1]Bayview Loan Servicing, LLC, appellant,
v
Tanvir H. Chaudhury, et al., respondents, et al., defendants.


Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered March 5, 2018. The order, after a hearing to determine the validity of service of process, granted those branches of the motion of the defendants Tanvir H. Chaudhury and Farhana Azam which were pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court entered June 15, 2016, and an order of reference of the same court (Joseph G. Golia, J.) entered October 15, 2010, upon their failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the appeal from so much of the order entered March 5, 2018, as granted that branch of the motion of the defendants Tanvir H. Chaudhury and Farhana Azam which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction is dismissed as academic; and it is further,
ORDERED that the order entered March 5, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action against, among others, the defendants Tanvir H. Chaudhury and Farhana Azam (hereinafter together the defendants) to foreclose a mortgage on real property located in Queens. The defendants did not answer or appear in the action. An order of reference, entered October 15, 2010, and a judgment of foreclosure and sale, entered June 15, 2016, were issued on default.
The defendants thereafter moved, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment entered upon their default, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The Supreme Court [*2]granted the defendants' motion to the extent of directing a hearing to determine the validity of service of process. At the hearing, the plaintiff's process server failed to appear to testify and the process server's affidavit of service was not admitted into evidence. The court, by order entered March 5, 2018, granted those branches of the defendants' motion which were pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and the order of reference, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them. The plaintiff appeals.
The plaintiff contends that the Supreme Court improvidently exercised its discretion in declining to grant it an adjournment when its process server failed to appear at the hearing to testify. "The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion" (Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 875 [citation omitted]). Here, the court did not improvidently exercise its discretion in denying the plaintiff's adjournment request, as the plaintiff had previously been granted a lengthy adjournment to secure the process server's testimony.
The plaintiff's contention that the affidavit of its process server should have been admitted into evidence pursuant to CPLR 4531, raised for the first time on appeal, is not properly before this Court. Contrary to the plaintiff's contention, the question of whether the affidavit was admissible pursuant to CPLR 4531, which requires a showing of due diligence to obtain the affiant's presence at trial, does not involve "a pure question of law that appears on the face of the record and could not have been avoided if brought to the attention of the Supreme Court" (Torres v Board of Educ. of the City of N.Y., 175 AD3d 1584, 1586).
Finally, contrary to the plaintiff's contention, the affidavit of service, created in preparation for litigation, was not admissible as a business record (see Deutsche Bank Natl. Trust Co. v Kenny, 183 AD3d 865; Wilson v Bodian, 130 AD2d 221, 229-230; see generally People v Kennedy, 68 NY2d 569, 578-580).
Accordingly, we affirm so much of the order appealed from as granted that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and the order of reference. In light of our determination on a related appeal (see Bayview Loan Servicing, LLC v Chaudhury, AD3d [Appellate Division Docket No. 2019-01907; decided herewith]), the appeal from so much of that order as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction must be dismissed as academic.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court