Emigrant Bank v Solimano (2022 NY Slip Op 05311)

Emigrant Bank v Solimano

2022 NY Slip Op 05311

Decided on September 28, 2022

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-09752
2019-10601
 (Index No. 58709/16)

[*1]Emigrant Bank, appellant, 
v
Louis Solimano, etc., et al., defendants, Janice T. Solimano, respondent.

APPEALS by the plaintiff, in an action to foreclose a mortgage, from (1) an order of the Supreme Court (Kathie E. Davidson, J.), dated July 2, 2019, and entered in Westchester County, and (2) a judgment of the same court entered August 22, 2019. The order, insofar as appealed from, granted the application of the defendant Janice T. Solimano pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against her. The judgment, upon the order, is in favor of the defendant Janice T. Solimano and against the plaintiff dismissing the complaint insofar as asserted against her.

Terenzi & Confusione, P.C., Garden City, NY (Jacqueline M. Della Chiesa of counsel), for appellant.

DILLON, J.P.

OPINION & ORDER
CPLR 3217(b) permits the discontinuance of an action by a party with leave of court or by a stipulation of the parties before the cause is submitted to the trier of fact for a determination of the facts; but once the cause has been submitted for a determination of the facts, a discontinuance may only be granted upon both leave of court and a stipulation of all parties appearing in the action. While the mechanics of the statute are clear when an action is tried before a judge or jury, no appellate case has yet addressed the question of when an action is considered "submitted to the court" under CPLR 3217(b) when the matter is referred to a referee to hear and report, and the report is thereafter subject to confirmation, rejection, or modification by the Supreme Court. We hold that the operative date for requiring both leave of court and for the parties to stipulate to the discontinuance is the return date of a motion to confirm, reject, or modify the assigned referee's report, as that is the moment when the factual issues of a case are submitted to the court for the determinative deliberative process.
I. Relevant Facts
This appeal arises out of a residential mortgage foreclosure action venued in the Supreme Court, Westchester County. On June 22, 2016, the plaintiff, Emigrant Bank, commenced this action against the defendant Janice T. Solimano (hereinafter the defendant), among others, to foreclose a mortgage securing residential property owned by the defendant in Pelham. On August 8, 2016, the defendant interposed an answer and asserted various affirmative defenses, including lack [*2]of standing and noncompliance with statutory and contractual preconditions to the action. On June 21, 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her, on the grounds, among other things, that the plaintiff lacked standing and had failed to comply with the notice requirements of RPAPL 1304 and paragraph 22 of the mortgage. Prior to the return date, the plaintiff withdrew its motion and replaced it with a second motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference to correct an evidentiary error that had appeared in its first set of motion papers. In an order dated November 15, 2017, the parties' motions were denied on the ground that there were triable issues of fact as to the plaintiff's standing and its compliance with the notice requirements of RPAPL 1304 and paragraph 22 of the mortgage. Thereafter, by order dated December 14, 2017, the parties were referred to Court Attorney Referee Sheila Gabay (hereinafter the referee) for a trial and for the referee to report to the court, as authorized by CPLR 4311 and 4320.
The plaintiff produced one witness at the trial, Judith Every, who was employed by Emigrant Mortgage Company (hereinafter EMC), the plaintiff's servicer. Every testified to the plaintiff's standing, the payment history on the loan, EMC's mailing procedures, and the statutory and contractual notices transmitted to the defendant. At the close of the plaintiff's case, the defendant made an application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against her on multiple grounds—that the plaintiff's sole witness was not authorized to testify, and that the plaintiff otherwise had failed to establish its standing and its compliance with the notice requirements of RPAPL 1304 and paragraph 22 of the mortgage. The defendant objected to Every's testimony on the ground that Every had not established that EMC had authority to act as an agent for the plaintiff, since a subservicing agreement, which had been admitted into evidence, identified EMC as an independent contractor and not as the plaintiff's agent. The referee indicated that the defendant's application would be addressed in her report and would ultimately be determined by the Supreme Court.
In her report dated March 27, 2019, the referee noted that the plaintiff had failed to proffer a power of attorney or other documentation that established EMC's authority to act as the plaintiff's agent, and consequently, Every's testimony failed to establish the plaintiff's entitlement to a judgment in its favor. Alternatively, the referee found, among other things, that even if the plaintiff had established that Every was authorized to testify, it nevertheless had failed to establish its standing and its compliance with RPAPL 1304 and paragraph 22 of the mortgage. The parties thereafter stipulated that the plaintiff's motion to confirm or reject the referee's report was to be filed by April 29, 2019, with the defendant's opposition to be filed by May 30, 2019.
On April 29, 2019, the plaintiff filed a consent to change attorney and, by cover letter, expressed an intention to discontinue the action. The next day, the defendant sent a letter to the referee contending that the Supreme Court lacked the authority to grant the plaintiff leave to discontinue absent the consent of all of the parties, and advising that the defendant did not consent to a discontinuance.
On May 3, 2019, the plaintiff's new counsel moved to discontinue the action, or alternatively, to dismiss the action without prejudice (hereinafter discontinuance motion). On May 29, 2019, the defendant cross-moved, inter alia, in effect, to confirm the referee's report and for the entry of a judgment in her favor. The discontinuance motion and the cross motion were fully submitted on the same adjourned return date, June 26, 2019.
The Supreme Court determined the discontinuance motion and the cross motion in an order dated July 2, 2019. The discontinuance motion was denied. The court reasoned that once the referee's report was submitted to the court for consideration, a discontinuance of the action could not be ordered by the court without the stipulated consent of the defendant, which was lacking here. The court alternatively reasoned that even if the defendant's consent was not required, a discontinuance without prejudice should not be permitted merely to allow the plaintiff to avoid an adverse determination of the action. The court granted that branch of the defendant's cross motion which was, in effect, to confirm the referee's report, granted the defendant's application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against her, as had been recommended by the referee, and denied the remaining branches of the defendant's cross motion, which are not relevant here. On August 22, 2019, a judgment was entered, upon the [*3]order, in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted against her.
II. Dismissal of the Order Appealed From
The appeal from the order must be dismissed because no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
III. A Stipulation Was Required for Discontinuance Under CPLR 3217(b)
CPLR 3217 is written in a straightforward manner. It recognizes three distinct time periods during the life of an action where a discontinuance may be sought by the plaintiff, and treats each differently. The first, embodied in CPLR 3217(a)(1), is the time before a responsive pleading is served, or if no responsive pleading is required, within 20 days after service of process and the filing of proof of service with the clerk of the court. At that juncture, a discontinuance may be effected by the mere service of a notice of discontinuance (see id.; Bayview Loan Servicing, LLC v Windsor, 172 AD3d 799, 801). This procedure is the "easiest" means of discontinuance, as it recognizes that at such an early stage of an action or proceeding, the court and the parties have invested little time, effort, and expense in connection with the case, so that the service of a mere notice suffices.
The second time frame for a discontinuance is the period between the responsive pleading (see CPLR 3217[a][1]) and the point just before the case is submitted to a court or a jury for a determination of the facts of the claim. As to that broad time frame, as relevant herein, the discontinuance of an action may be effected by the filing of a written stipulation executed by the attorneys of record for all of the parties (see id. § 3217[a][2]; HSBC Bank USA, N.A. v Rini, 202 AD3d 945, 947; Bayview Loan Servicing, LLC v Windsor, 172 AD3d at 801; Demetriou v Wolfer, 165 AD3d 1230, 1231; Phillips v Trommel Constr., 101 AD3d 1097, 1098; C.W. Brown, Inc. v HCE, Inc., 8 AD3d 520, 521). Alternatively, between the joinder of issue and the submission of the case to a court or a jury for factual determinations, a discontinuance may be obtained, without a stipulation of the parties, by a court order upon terms and conditions that the court deems proper (see CPLR 3217[b]; Tucker v Tucker, 55 NY2d 378, 383-84; Rodrigues v Samaras, 117 AD3d 1022, 1024).
The third stage of a litigation, as relevant to a discontinuance, is the period after the case has been submitted to the court or the jury for a determination of the facts. Once an action or a proceeding has advanced to the point of deliberation and fact-finding, there can be no discontinuance except by leave of court upon such terms and conditions as the court deems proper and a stipulation of all parties appearing in the action (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC., 134 AD3d 683, 685; Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 549). In other words, at this juncture, the requirements imposed upon the discontinuing party are double-layered. The refusal by a defendant to consent to a discontinuance, for whatever reason, operates as a veto on the issue, as it prevents the court from even reaching its discretionary authority to consider the requested discontinuance. Thus, CPLR 3217, viewed in its entirety, operates like a see-saw, allowing for discontinuances by mere unilateral notice at the earliest stage of a litigation, while imposing incrementally greater requirements upon the party seeking the discontinuance the farther the litigation progresses.
The statute is easily applied in cases that go to trial. In such instances, the submission of the case to a jury for its findings of fact, or the submission of the case to a court during a bench trial, operates as a bright line separating the discontinuance that may be sought using the pre-deliberative mechanisms of CPLR 3217(a)(2) and (b) from the mechanism of CPLR 3217(b) which attaches once the deliberative phase begins. As clear as that bright line may be, there appears to be no appellate authority addressing how the statute is to be applied where, as here, a trial is conducted before a court attorney referee who is to hear and report pursuant to CPLR 4311 and 4320. Does the language of CPLR 3217(b) requiring both leave of court and a stipulation of the parties upon the [*4]cause being "submitted to the court . . . to determine the facts," refer to the conclusion of the trial before the referee, or to the issuance of the referee's report, or to the filing of the motion to confirm the referee's report, or to the return date of the motion to confirm?
We find, as a matter of first impression, that where an action is referred to a court attorney referee to hear and report, the time that is most akin to the submission of the case to the court or the jury for a determination of the facts is the return date of the motion to confirm the referee's report. Prior to that time, the conclusion of the trial before the referee is not final as the referee, while setting forth his or her findings of fact and conclusions of law, has no authority to determine the matter (see id. § 4320). Likewise, the resulting report is not conclusive as it is subject to confirmation, rejection, or modification by the Supreme Court. The filing of a motion to confirm, reject, or modify the referee's report is subject to the due process right of each of the parties to then be heard on the motion, similar to the closing arguments that are presented prior to the commencement of the deliberative process in actions before a court or a jury. Instead, and logically, the motion's return date is the unique event that sends the referee's report and the parties' fully-submitted arguments to the court for a deliberative determination of the factual and legal issues of the case. That event requires that discontinuances be permitted only upon a stipulation signed by the parties and leave of court (see id. § 3217[b]).
By extension, when a referee is assigned to hear and "determine" a matter, as distinguished from being assigned to hear and report, the referee possesses "all the powers of a court in performing a like function" (id. § 4301), subject to certain exceptions not applicable here. Thus, upon trials where the assigned referee is authorized to hear and determine, the point at which a party may discontinue a cause of action requiring both leave of court and a stipulation signed by all parties is the conclusion of the evidentiary portion of the trial and the summation arguments of counsel, when the commencement of the deliberative phase of the case begins.
The three chronological phases of CPLR 3217, as discussed here, also have applicability to special proceedings commenced under CPLR article 4. Special proceedings are, by nature and definition, summary litigations that may be determined on the pleadings as long as no triable issues of fact are raised (see id. § 409[b]; Matter of Mele v Motor Veh. Acc. Indem. Corp., 186 AD3d 1375, 1376; Matter of FR Holdings, FLP v Homapour, 154 AD3d 936, 938; Matter of Addesso v Addesso, 131 AD3d 1052). A petitioner may discontinue a special proceeding by notice prior to the respondent's answer being served, consistent with CPLR 3217(a)(1). Once the answer is served, the proceeding is to be adjudicated in the same manner as a motion for summary judgment (see id. § 409[b]; Matter of Friends World Coll. v Nicklin, 249 AD2d 393; Matter of Bahar v Schwartzreich, 204 AD2d 441, 443), triggering the provisions of CPLR 3217(a)(2) and (b) that require either leave of court or a written stipulation of the parties. In the unusual instance where a special proceeding requires limited expedited discovery (see id. § 408; Matter of Greens at Washingtonville, Ltd. v Town of Blooming Grove, 98 AD3d 1118, 1119; Marett v Pegalis & Wachsman, 127 AD2d 577, 578; Lev v Lader, 115 AD2d 522, 523), a party likewise needs either leave of court or a stipulation signed by all parties to discontinue. If a trial is required to determine issues of fact as authorized by CPLR 410 (see Matter of Mele v Motor Veh. Acc. Indem. Corp., 186 AD3d at 1376; cf. Matter of Jurnove v Lawrence, 38 AD3d 895, 896 [remitting to the Supreme Court for an evidentiary hearing in a proceeding pursuant to CPLR article 78 in the nature of mandamus]), the beginning of deliberations by the trier of fact marks the point in time where a discontinuance may only be ordered upon leave of court and a stipulation signed by all parties (see CPLR 3217[b] [applicable "(a)fter the cause (is) submitted to the court or jury to determine the facts"]).
Applying the foregoing to the instant matter, it is of no consequence that the plaintiff filed its discontinuance motion prior to the filing of the defendant's cross motion, among other things, in effect, to confirm the referee's report. The point at which the respective motions were filed is of no moment. Instead, both the plaintiff's discontinuance motion and the defendant's cross motion shared the same ultimate return date, June 26, 2019, which is controlling. Upon reaching that date, the action crossed the rubicon from its pre-deliberative stage otherwise governed by CPLR 3217(a)(1) and (b), to the deliberative phase of the action governed by the further provisions of CPLR 3217(b), triggering the statutory condition that a discontinuance, at that juncture, requires both leave of court and a stipulation of all parties (see id.). In other words, the Supreme Court was already deliberating whether to confirm the referee's report by the time that the plaintiff's discontinuance motion was also before it for consideration.
Here, the defendant did not consent to a discontinuance of the action and, in fact, expressly refused to do so. Under these circumstances, the Supreme Court properly determined that it was without statutory authority to grant the plaintiff a discontinuance, regardless of any attendant terms and conditions.
IV. The Dismissal After the Close of the Plaintiff's Evidence Was on the Merits and Properly with Prejudice
The plaintiff argues on appeal that the Supreme Court's granting of the defendant's application pursuant to CPLR 4401, based upon the plaintiff's failure to establish its standing and compliance with conditions precedent, was not on the merits, and therefore, the dismissal of its complaint insofar as asserted against the defendant is not subject to a res judicata bar to a new action. We disagree.
CPLR 4401 permits a party to move for judgment on a cause of action or issue as a matter of law, after the close of the evidence presented by the opposing party, on specified grounds. There is a necessary interplay between CPLR 4401 and 5013. CPLR 5013 provides that while a dismissal of a cause of action before the close of a proponent's evidence is not on the merits unless the order specifies otherwise, a judgment dismissing a cause of action after the close of the proponent's evidence is on the merits unless the court specifies otherwise. The importance of the issue to this action is whether the dismissal of the complaint has res judicata effect precluding a future potential action on the same alleged mortgage default.
A close reading of CPLR 5013 reveals that a judgment after the close of the proponent's evidence is on the merits "unless" the court specifies otherwise. This language suggests a general rule that such dismissals and judgments be on the merits, absent some circumstance that would warrant a court to exercise its discretion to the contrary in a given case (see Chargo v Simons, 71 AD3d 1481, 1482 [as to counterclaims]). For instance, a court should not exercise its discretion to "specif[y] otherwise" (CPLR 5013) where the proponent will not be able to prevail on its claim, such as where the claim is barred by the statute of limitations (see generally DeCrosta v Reynolds Constr. & Supply Corp., 41 NY2d 1100, 1101), but may do so where it appears that proof is available to the proponent that will readily enable it to establish a prima facie case (see Giglio v Haber, 19 AD2d 793). This issue should be examined separately from dismissals occurring as a result of the granting of summary judgment motions, as in those instances, the parties have not invoked CPLR 4401, which is restricted, by its terms, to dismissals at trial, and is found among the trial motion provisions of CPLR article 44.
The plaintiff argues that the term "with prejudice" does not appear in the judgment entered in this action, and therefore, the judgment should be construed as being without prejudice. For this argument, the plaintiff only relies upon authority from a different judicial department (see 420 E. Assoc. v Estate of Lennon, 225 AD2d 326 [1st Dept]). In any event, this argument ignores the subject matter of the plaintiff's own discontinuance motion to the Supreme Court, dated May 3, 2019, by which the plaintiff sought, in the alternative, that the action be dismissed "without prejudice," which the court expressly addressed and denied in the order appealed from.
Here, the Supreme Court providently exercised its discretion in granting the defendant's application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted her, with prejudice. The plaintiff took a first bite of the apple on the issues of standing, RPAPL 1304, and the contractual notice requirements, when it unsuccessfully moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. When this motion was denied, the plaintiff became acutely aware that standing, RPAPL 1304, and contractual notice were issues that it would need to address and prove at trial. Yet, as to those issues, the plaintiff failed during its second bite of the apple to present any competent, admissible evidence, despite having had a full and fair opportunity to do so at trial. Even if, arguendo, Every's testimony had been found to be admissible, the court correctly concluded, in the alternative, that the evidence failed to establish the plaintiff's standing and its compliance with the notice requirements of RPAPL 1304 and paragraph 22 of the mortgage. The dismissal of an action at the close of the plaintiff's evidence, without prejudice to the recommencement of a new action, is "sparingly exercised" (Palmer v Fox, 28 AD2d 968, 968, affd 22 NY2d 667). Under the circumstances present here, where the plaintiff, in effect, seeks a third bite of the apple on the same issues and a do-over trial, a "without prejudice" dismissal is not warranted and the parties' litigation entitled to repose.
V. Miscellaneous
The parties' remaining contentions are either without merit or academic in light of our determination.
In light of the foregoing, the appeal from the order is dismissed, and the judgment is affirmed.
DUFFY, MALTESE and FORD, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed, without costs or disbursements.
ENTER:
Maria T. Fasulo
Clerk of the Court