| |
|---|
| **HSBC Bank USA, N.A. v Gilbert** |
| 2024 NY Slip Op 31876(U) |
| June 3, 2024 |
| Supreme Court, Dutchess County |
| Docket Number: Index No. 2021-80021 |
| Judge: Thomas R. Davis |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT- STATE OF NEW YORK
DUTCHESS COUNTY

Present:  Hon. THOMAS R. DAVIS, J.S.C.

SUPREME COURT: DUTCHESS COUNTY

----------------------------------------------------------------------X

HSBC Bank USA, National Association, as Trustee for
Nomura Asset Acceptance Corporation, Mortgage Pass
Through Certificates Series 2006-ARI,

Plaintiff(s),

-against-

Arlene Gilbert, James Coffey, Mortgage Electronic
Registration Systems, Inc., as nominee for Homebridge
Mortgage Bankers, Megan Guido, Sue Thompson,

Defendant(s).

----------------------------------------------------------------------X

**DECISION AND ORDER**
(Motion Seq. No. 9)
Index No.: 2021-80021

This is a residential foreclosure action pertaining to real property located at 6 Market Street, Hyde Park, New York 12580.  By notice of motion dated March 13, 2024, the defendants, Arlene Gilbert and James Coffey ("defendants"), move pursuant to CPLR §4404(b) for a judgment dismissing the complaint for the plaintiff's failure to prove its alleged standing to sue at trial.  The following papers were read and considered in determining the motion:

Defendants' motion papers identified as NYSCEF document numbers 63 through 65; Plaintiff's opposition papers identified as NYSCEF document number 66; Defendants' reply papers identified as NYSCEF document numbers 67 through 71; NYSCEF document number 62.

Relevant Factual and Procedural Background

The factual and procedural history of this action is recited in this Court's decision and order dated February 15, 2024 (NYSCEF Doc. No. 62).  It is incorporated by reference herein for the sake of brevity.

After issuance of the February 15, 2024 decision and order, the defendants submitted their instant motion.  In short, the defendants seek a judgment dismissing the plaintiff's complaint in this action based on its failure to make out its prima facie case, at trial[1], on the issue of its standing

---

[1] That trial was held on April 4, 2017 before this Court (Brands, J.).  After the hearing, Justice Brands issued an order dated April 17, 2017 finding that the plaintiff had standing to proceed with the action.

Page **1** of **4**

[* 1]

to bring this action. They assert that because the Appellate Division, Second Department found in its December 23, 2020 decision and order that the plaintiff had not met its prima facie burden on standing at that trial because of the insufficiency of its proof and that this Court (Brands, J.) should not have found that the plaintiff had standing to proceed in the action, this action should now be dismissed pursuant to CPLR 4404(b) and/or pursuant to the equitable powers of the Court.

In opposition, the plaintiff does not oppose the request to dismiss the action. Rather, it opposes the request by the defendants to include within the proposed judgment of dismissal a footnote regarding the impact of the dismissal which reads:

> "This judgment of dismissal shall not constitute an expressed judicial determination that the underlying mortgage and note were not validly accelerated within the meaning of CPLR 213 (4) (a) or (b), but rather a finding that Plaintiff failed to prove its alleged standing to sue via competent and admissible evidence at trial."

Plaintiff argues that there is no distinction between a determination that plaintiff lacked standing and a determination that the plaintiff failed to demonstrate standing. It asserts that in "either instance, there is a finding that plaintiff lacked standing to foreclose in this action and that therefore the debt as a whole was never accelerated." This, the plaintiff argues, will permit the plaintiff to commence another action.

Defendants argue that there is a "critical distinction" between a dismissal based on a plaintiff's proven lack of standing to sue and one based on a plaintiff's failure to prove its standing at trial. They argue that the former amounts to an expressed, judicial determination that as a matter of fact, the plaintiff did not have the lawful authority to commence the foreclosure action and thereby accelerate the debt; the latter results in no such expressed, judicial determination. It only results in a failure of proof on the plaintiff's part at trial, necessitating dismissal.

Discussion

Initially, there is no impediment to granting the defendants' motion to dismiss the plaintiff's complaint pursuant to CPLR 4404(b). The defendants have adequately demonstrated that based on there having already been a trial in this action on the issue of the plaintiff's standing and based on the Appellate Division having determined that the proof at that trial was insufficient to establish such standing, the proper procedural outcome is dismissal of the complaint (CPLR §3212(c), CPLR §4404(b); *Emigrant Bank v. Solimano*, 209 AD3d 153 [2d Dept 2022]; *Deutsche Bank Natl. Trust Co. v. Kenny*, 183 AD3d 865 [2d Dept 2020]).

However, in effect, what both parties are seeking from this Court is more than just dismissal of the complaint. They effectively seek a declaration, or at least an opinion, as to the prospective effect of the judgment dismissing this action on future litigation—which is apparently already contemplated by the plaintiff.

The Court may not issue advisory opinions (*Simon v. Nortrax N.E., LLC*, 44 AD 3d 1027 [2d Dept 2007]). Moreover, neither party offers support for the concept that this Court may issue

[* 2]

a judicial declaration as to the effects and/or implications of this order on future litigation (e.g., res judicata, estoppel).

However, that does not prohibit the Court from setting forth certain facts and procedural aspects of this action for the sake of clarity now and in the future.

First, to be sure, it is undisputed that the plaintiff in this action has never argued that it did not have standing to commence this action. At no time did it represent to this Court that it made an error as to its belief in its standing, nor that it had not validly accelerated the underlying loan nor that it wished to deaccelerate the underlying loan. It has certainly never made a motion to the Court seeking to deaccelerate the loan. To the contrary, it has steadfastly adhered to its position that it had standing at the time it commenced this action and maintained such standing throughout. As noted by the defendants, even in opposition to the instant motion, plaintiff has not offered any affidavit from someone with personal knowledge attesting that it did not or does not have standing to commence and proceed with this action, that it did not validly accelerate the underlying loan or that it wished to deaccelerate the loan.

Second, there has been no conclusive proof presented to this Court—by way of documentary evidence or testimony from either the plaintiff or the defendants—that would affirmatively disprove the plaintiff's standing herein. For example, there has been no evidence produced that the plaintiff was assigned the underlying note after commencement of the action, (*see, e.g., J & JT Holding Corp. v. Deutsche Bank Natl. Trust Co.*, 173 AD3d 707 [2d Dept 2019]; *U.S. Bank, N.A. v. Auguste*, 173 AD3d 930 [2d Dept 2019]), or that the plaintiff had ceased to exist prior to commencement of the action (*see, e.g., Reinman v. Deutsche Bank National Trust Co.*, 215 AD3d 704 [2d Dept 2023]).

Third, other than the trial/hearing conducted by Justice Brands in April 2017, this Court has not undertaken a fact-finding hearing, nor made any further determination on the facts by way of motion, as concerns the plaintiff's standing or acceleration of the loan.

Fourth, the Appellate Division's December 23, 2020 decision and order in this case (which reversed the April 3, 2018 judgment of foreclosure and sale, vacated the April 17, 2017 order, denied the plaintiff's motion for summary judgment and order of reference that resulted in the September 14, 2017 order and modified the September 14, 2017 order accordingly), was clearly based on the insufficiency of the plaintiff's evidence as to its standing at the trial before Justice Brands—not on any affirmative proof offered by any party that the plaintiff, as a matter of fact, lacked standing.

Fifth, the plaintiff's expressed intent in its instant opposition papers to start another action as soon as this one is dismissed appears to directly conflict with the stated intent of the Foreclosure Abuse Prevention Act ("FAPA").

Considering the above, the Court will grant the defendants' instant motion. However, insofar as the parties seek a declaration—by footnote or the absence thereof—as to the future effect of the judgment in this case, the Court does not deem it appropriate to do so. To be clear, the removal of footnote "2" from the defendants' proposed judgment should not be construed by either

party or any Court to be a determination by this Court that the underlying loan in this case was deaccelerated by dismissal of this action. Its removal is nothing more than an indication that the Court will not issue an advisory opinion as to the future impact of the judgment in this case on potential, future litigation.

Based on the foregoing, it is hereby

ORDERED that the defendants' motion (sequence #9) is granted; and it is further

ORDERED that a separate judgment incorporating this decision and order is issued this same date.

The foregoing constitutes the decision and order of this court.

Dated: June 3, 2024              ENTER:
       Poughkeepsie, NY

_____
Hon. Thomas R. Davis, J.S.C.

**VIA NYSCEF**
Yimell Marie Suarez Abreu
Reed Smith LLP
*Attorney for Plaintiff*
599 Lexington Avenue
New York, NY 10022

**VIA NYSCEF**
Justin Felix Pane, Esq.
Justin F. Pane, P.C.
*Attorney for Defendants*
*Arlene Gilbert & James Coffey*
80 Orville Drive, Suite 100
Bohemia, NY 11716

Pursuant to CPLR Section 5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.