Matter of Chinn v Motor Veh. Acc. Indem. Corp. (2025 NY Slip Op 04473)

Matter of Chinn v Motor Veh. Acc. Indem. Corp.

2025 NY Slip Op 04473

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-02413
 (Index No. 517790/22)

[*1]In the Matter of John Chinn, respondent, 
v
Motor Vehicle Accident Indemnification Corp., appellant.

Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for appellant.
Goidel & Siegel, LLP, New York, NY (Rebecca Elias of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the Motor Vehicle Accident Indemnification Corporation, named herein as Motor Vehicle Accident Indemnification Corp., appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated February 1, 2023. The order granted the amended petition.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing on the issue of whether the petitioner was operating an uninsured motor vehicle at the time of the accident, and a new determination of the amended petition thereafter.
The petitioner commenced this proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) to recover damages for personal injuries that he allegedly sustained while he was riding a "2011 Kawasaki motorized bike" and was struck by an unidentified vehicle that left the scene. Annexed to the petition was a police accident report, which set forth that the petitioner was operating a 2011 Kawasaki "motorcycle." In opposition, MVAIC argued that the police accident report raised an issue of fact as to whether the petitioner met his burden of demonstrating that he was not operating an uninsured motor vehicle at the time of the accident. Subsequently, the petitioner filed an amended petition, which corrected the date of the accident, but did not make any other changes to the allegations in the original petition. In reply to MVAIC's opposition, the petitioner filed an affidavit stating that, at the time of the accident, he was operating "a pedal bike with a motor to assist," which had "a maximum speed of 13 miles per hour." By order dated February 1, 2023, the Supreme Court granted the amended petition. MVAIC appeals.
MVAIC was created to compensate innocent victims of hit-and-run motor vehicle accidents (see Matter of Quirindumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d 717, 717; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714, 715). Under Insurance Law § 5218, "[a] petitioner seeking leave of court to commence an action against MVAIC has the initial burden of demonstrating that he or she is a '[q]ualified person' within the meaning of Insurance Law § 5202 and making an evidentiary showing that he or she has satisfied certain other statutory [*2]requirements" (Matter of Mele v Motor Veh. Acc. Indem. Corp., 186 AD3d 1375, 1375; see Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347, 1349). A "qualified person" is defined in relevant part to exclude the owner of an "uninsured motor vehicle" (Insurance Law § 5202[b]). A "motor vehicle" includes motorcycles, but excludes any vehicle operated by "muscular power," including bicycles with electric assist as defined by Vehicle and Traffic Law § 102-c (Insurance Law § 5202[a]; Vehicle and Traffic Law § 125). In a special proceeding, to the extent that no triable issues of fact are raised, the court is empowered to make a summary determination (see CPLR 409[b]; Matter of Jackson v Motor Veh. Acc. Indem. Corp., 217 AD3d 947, 948). If, however, triable issues of fact are raised, an evidentiary hearing must be held (see CPLR 410; Matter of Mele v Motor Veh. Acc. Indem. Corp., 186 AD3d at 1376).
Here, the petitioner's own submissions raised a triable issue of fact as to whether the petitioner was operating an uninsured motor vehicle at the time of the accident (see Insurance Law § 5218[b][5]; Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d 894, 895). The petitioner's assertion that he was operating a "motorized bike" at the time of the accident is contradicted by the police accident report, which set forth that the petitioner was operating a 2011 Kawasaki "motorcycle." Although the police accident report was uncertified, the petitioner waived any objection to its admissibility by submitting it with the petition (see Cruz v Finney, 148 AD3d 772, 773; Kadashev v Medina, 134 AD3d 767, 767). Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for an evidentiary hearing on the aforementioned issue and a new determination of the amended petition thereafter.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court