**HSBC Bank USA, N.A. v Williams**

2025 NY Slip Op 34650(U)

December 19, 2025

Supreme Court, Kings County

Docket Number: Index No. 506304/2015

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 19th day of December 2025

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2006-B, MORTGAGE-BACKED CERTIFICATES, SERIES 2006-B,

**BENCH TRIAL**

Index No.: 506304/2015

Plaintiffs,

- against -

ONEAL WILLIAMS A/K/A O NEAL WILLIAMS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FREMONT INVESTMENT & LOAN; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT AUTHORITY BUREAU and John Doe and Jane Doe #1 through #7, et al,

Defendants.

-----------------------------------------------------------------------X

The plaintiff HSBC Bank USA, National Association (hereinafter the plaintiff) commenced this action on May 20, 2015, with the filing of the summons and complaint, to foreclose a mortgage on real property located in Brooklyn, New York. The plaintiff's complaint demonstrates that the defendant Oneal Williams (hereinafter the defendant) is the mortgagor and is entitled to the notices mandated by the Real Property Actions and Proceedings Law as pre-foreclosure conditions precedent. The defendant filed an answer in which he asserted affirmative defenses that included the plaintiff's failure to comply

[* 1]

with RPAPL 1303. On November 17, 2025, the nonjury trial in the action began, which trial continued November 17, November 18 and December 16, 2025.

Generally, to prevail at trial, a plaintiff must submit evidence in admissible form sufficient to demonstrate its claim "by a preponderance of the credible evidence" (*Keahon v Spinelli*, 135 AD2d 503, 504 [2d Dept 1987]). In the trial of an action to foreclose a mortgage, a plaintiff normally establishes its *prima facie* entitlement to judgment as a matter of law by producing admissible evidence of the mortgage, unpaid note and the default thereunder (*e.g., HSBC Bank USA, N.A. v Green,* 175 AD3d 1273, 1275-1276 [2d Dept 2019]). This initial burden is enlarged, however, where, as here, the defendant places into issue the plaintiff's failure to satisfy or otherwise strictly comply with the statutory-specific conditions-precedent notices mandated by the Home Equity Theft Prevention Act (HETPA) and under RPAPL Article 13, in which case the plaintiff must also prove, *prima facie*, strict compliance with such conditions precedents (*see e.g., 21st Mtge. Corp. v Nodumehlezi,* 211 AD3d 893, 895-896 [2d Dept 2022]; *Emigrant Bank v Solimano*, 209 AD3d 153, 162-164 [2d Dept 2022]).

As such, in this case, the plaintiff bore the burden of proving its strict compliance with the statutory notice requirements mandated by RPAPL 1303, as proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance results in dismissal of plaintiff's complaint (*see Nodumehlezi,* 211 AD3d at 895-896 [foreclosure complaint dismissed at trial for the plaintiff's failure to affirmatively disprove the RPAPL 1303 defense raised in the defendant's answer]; *see*

2

[* 2]

*also First Natl. Bank of Chicago v Silver,* 73 AD3d 162, 169 [2d Dept 2010]; *Aurora Loan Servs., LLC v Weisblum,* 85 AD3d 95, 98, 106 [2d Dept 2011]; *accord Solimano*, 209 AD3d at 162-164 [foreclosure complaint dismissed at trial for the plaintiff's failure to affirmatively disprove the lack of standing and noncompliance with the RPAPL 1304 and mortgage preconditions to the action defenses raised in the defendant's answer]).

As to its *prima facie* case in foreclosure, plaintiff called its first witness, Kevin Flannigan of Onity Group, Inc., whose testimony was taken on November 17, 18 and 19, 2025. At the continuation of the trial on December 16, 2025, plaintiff called its second witness Alex Zambarano of Nationwide Court Services, as to its burden of proof of compliance with RPAPL 1303. Through Zambrano's testimony, the plaintiff attempted to introduce and did introduce into evidence the papers on which this action was commenced, as the plaintiff's trial exhibit 1, which papers included the plaintiff's RPAPL 1303 notice in this action (hereinafter plaintiff's commencement papers). On direct examination, Zambrano testified that his company provided the plaintiff's commencement papers to its process server, Mark Giugliano, for service on the defendant with the plaintiff's summons and complaint. The plaintiff then marked Giugliano's affidavit of service as its trial exhibit 4, which affidavit specifies that the service of process made on the defendant on June 6, 2015, included NOTICE PURSUANT TO RPAPL 1303 ON BLUE COLORED PAPER.

On cross examination, defendant elicited testimony from Zambrano that two copies of the purported notice were included in plaintiff's trial exhibit 1, one of which

3

[* 3]

was on white paper and another on blue paper, that he was unsure which of the two was actually served but that each of the two copies notified the defendant to call the toll-free helpline maintained by the New York State Banking Department, at 1-877-BANK-NYS or to visit the Department's website at WWW.BANKING.STATE.NY.US. Defendant's counsel presented the entirety of the text of RPAPL 1303 that was in effect at the time of the commencement of this action in 2015, marked as defendant's trial exhibit A, and asked the Court to take judicial notice of said text. The plaintiff's counsel was then given an opportunity to review the defendant's exhibit A and also given opportunity to see if he had an objection to the Court taking judicial notice of RPAPL 1303 in effect at the commencement of this action. The plaintiff's counsel specifically advised the Court on the record that he had no objection to the Court taking judicial notice of the defendant's exhibit A, acknowledging that the text of the defendant's exhibit A is as the statute required at the time of the commencement of this action, and the RPAPL 1303 notice that was given or sent to the defendant contained text that was different from the mandate of the statute, in the paragraph under the heading sources of information and assistance.

At the time of the commencement of this action, RPAPL 1303 mandated the plaintiff to notify the defendant, *inter alia*, that "[t]o locate an entity near you, you may call the toll-free helpline maintained by the New York State Department of Financial Services" at the number or the website provided by the New York State Department of Financial Services at the time for the RPAPL 1303 notice. Instead, the RPAPL 1303 notice served with the plaintiff's commencement papers notified the defendant that he

4

[* 4]

may call the New York State Department of Banking at 1-877-BANK-NYS or visit the New York State Department of Banking at WWW.BANKING.STATE.NY.US, which notice was not compliant with RPAPL 1303 in effect at the time (*see* RPAPL 1303).

In 2011 and 2012, the Legislature enacted legislation that replaced any and all references to the New York State Department of Banking in its laws to the New York State Department of Financial Services, thereby mandating that the references in RPAPL 1303 notices as to the name, telephone number and website of the state agency that defendants should contact for resources to seek assistance from government agencies and nonprofit organizations about their options in foreclosure shall be "department of financial services" (*see*, L. 2011, ch. 62, Part A, eff. Oct. 3, 2011; see also subsection [c] of Part 104 thereof). Accordingly, on June 6, 2015 -- the date of plaintiff's service of the non-compliant RPAPL 1303 notice included in its commencement papers on the defendant -- the New York State Department of Banking was no longer in existence.

There is no dispute that the mandated text of the RPAPL 1303 in effect at the time of the commencement of this action, marked as the defendant's exhibit A, was different from the text of the RPAPL 1303 notice in the plaintiff's commencement papers (admitted into evidence as plaintiff's exhibit 1). There is no dispute that RPAPL 1303 in effect at the time of the commencement of this action mandated that plaintiff's notify mortgagors of the helpline and the website maintained by the New York State Department of Financial Services, not the New York State Department of Banking. There is no dispute that the RPAPL 1303 notice served with the plaintiff's commencement

5

[* 5]

papers did not strictly conform with the precise language contained within RPAPL 1303 in effect at the time of the commencement of this action.

At the continuation of the trial, following the plaintiff's counsel's review of the defendant's exhibit A, the plaintiff's counsel admitted to the Court that the text of the statute at the time of the commencement of this action was as presented in the defendant's A, and that the RPAPL 1303 notice that was served with the plaintiff's commencement papers and entered into evidence as the plaintiff's exhibit 1 did not include the text of the statute as to the New York State Department of Financial Services. Plaintiff's counsel confirmed for the Court that he had no objection to the admissibility of the defendant's A into evidence. Accordingly, the defendant's exhibit A was admitted into evidence.

On cross examination, Zambrano testified that the RPAPL 1303 notice served on the defendant with the plaintiff's commencement papers specified that the defendant should contact the New York State Department of Banking and also provided a telephone number and website address for the New York State Department of Banking. Zambrano further testified that the plaintiff's RPAPL 1303 notice did not specify that the defendant should contact the New York State Department of Financial Services, nor did it provide a telephone number or a website for the New York State Department of Financial Services.

Upon being provided with an opportunity to review defendant's trial exhibit A, Zambrano also admitted, in testifying, that the text therein as to the New York State Department of Financial Services was not in the plaintiff's RPAPL 1303 notice that was

6

[* 6]

entered into evidence as the plaintiff's trial exhibit 1, nor as to his testimony that the defendant was served with the RPAPL 1303 notice as part of the plaintiff's commencement papers on June 6, 2015. As the trial record reflects, plaintiff's witness, Zambrano, expressly admitted that the toll-free telephone number and website were both different than the mandatory language contained in RPAPL 1303 at the time of the commencement of this action. Nonetheless, the plaintiff's counsel presented to the Court that a substantial-compliance standard should be applied to the RPAPL 1303 notice that is mandated by the Legislature for this case. This Court disagrees.

It is well established that RPAPL Article 13 condition precedents, including section 1303, require strict compliance (*see e.g., Silver,* 73 AD3D at 169 [the foreclosing party's failure to meet its burden of establishing compliance with the notice requirements of the HETPA requires dismissal]*; Weisblum*, 85 AD3d at 103 [failure to strictly comply with RPAPL 1303 or 1304 requires dismissal]; *Nodumehlezi*, 211 A.D.3d at 896 [where plaintiff fails to sustain its burden of compliance with RPAPL 1303 at the trial, the complaint must be dismissed]. Accordingly, this Court concludes that a necessary pre-commencement mandate for the lawsuit was not complied with.

Having presented no contravening evidence to the defendant's evidence that the plaintiff failed to comply with the mandatory condition precedent of RPAPL 1303, and no further argument to the Court towards this end, plaintiff closed its evidence on this dispositive issue (*see* CPLR 4401). Therefore, upon this Court's judicial notice of RPAPL 1303, the plaintiff's witness' testimony as to plaintiff's noncompliance with

7

[* 7]

RPAPL 1303, the plaintiff's counsel's admissions of the plaintiff's non-compliance with RPAPL 1303, and the defendant's counsel's CPLR 4401 application for a judgment of dismissal at the close of the plaintiff's evidence on the issue of the plaintiff's conceded failure to meet its burden of proof of compliance with RPAPL 1303 in this case, it is hereby:

**ORDERED** that the defendant's motion for judgment pursuant to CPLR 4401 is granted and the complaint is hereby dismissed (*see Solimano*, 209 AD3d at 162-164; *HSBC Bank USA, N.A. v Gilbert*, 2025 NY Slip Op 30692[U], *4-5 [Sup Ct, Dutchess County 2025]); and it is further

**ORDERED** that the defendant is hereby directed to settle this decision and order on notice, together with a proposed final judgment, pursuant to 22 NYCRR 202.48.

The foregoing constitutes the decision and order of this Court.

ENTER: _____

François A. Rivera

J.S.C.

8

[* 8]